### ROSWELL BEEBE v. DAVID ROBBINS.

The vendee who suffers personal property to remain in the possession of the vendor, and thus enables him to acquire credit, or deceive a subsequent purchaser, cannot resist the claim of his vendor's creditors, nor that of a subsequent *bona fide* purchaser.

APPEAL from the District Court, Parish of St. Mary, *Voorhies*, J. *Lewis* and *Wilson & McClarty*, for plaintiff. *Gibbon*, for defendant and appellant.

*Wilson & McClarty :*

Bringing slaves into the State to defeat the rights of property in other States, always discountenanced. *Frierson* v. *Irwin*, 5 A. 530. A purchaser can acquire no greater title than his vendor had. *Hopkins* v. *Van Winkle*, 2 A, 143; 4 A. 52; *McGregor* v. *Bull*, 4 A. 290; *Walker* v. *Municipality No.* 1, 5 A. 10. The doctrine laid down in *Jenkins* v. *Theriot*, 9 R. R. 34; and 11 *ibid*, 450; was reviewed by the Court in *Moore* v. *Lambeth*, 5 A. 66; in which last case the rule asserted was that "an honest purchaser of a defective title cannot hold against the true proprietor."

ROST, J. *James Debaume*, a resident of the State of Arkansas, conveyed certain slaves to trustees for the benefit of the creditors named in the indenture, with full power to sell the slaves at public or private sale.

The slaves, thus conveyed, were left by the trustees in the possession of *Debaume*. They were, shortly after, advertised to be sold at auction, but *Debaume* failed to produce them on the day appointed, and the sale was, in consequence, postponed for about two months. Before the day of sale, *Debaume* caused the slaves to be run off to Louisiana. They were offered for sale in Arkansas notwithstanding their absence, and adjudged to the plaintiff for $194. *Debaume* soon after came to Louisiana, resumed possession of the slaves, and after executing various paper titles and fictitious powers of attorney, sold them to the defendant, who is a citizen of this State and a planter, for the sum of $3000, which he received. That occurred in 1843.

The plaintiff now claims those slaves from the defendant, on the ground that the legal title vested in him, under the sale of the trustees, and he has adduced a very able opinion of the Supreme Court of the State of Arkansas which sustains his position adversely to the claim of *Debaume*. We do not doubt the correctness of that decision, but the present case turns upon other principles. There is nothing in the record to impeach the good faith of the defendant, and he must be viewed as an honest purchaser for a valuable consideration, which he has paid.

The facts of this case are identical with those in *Verdier* v. *Leprette*, 4th La. 42. The slaves, in that case had been conveyed to the plaintiff by *Campbell*, in Florida, by a deed of trust, and had been suffered to remain in the possession of *Campbell*, from whom *Leprette* had acquired them.

A witness testified in that case, as in this, that the indenture, under which the plaintiff claimed, was a deed of mortgage only, and not one of sale ; but *Judge Martin*, who was the organ of the Court, said :

" Whether the indenture be considered as a deed of mortgage, or a deed of sale, as the plaintiff contends, it appears to us that the first Judge was equally correct in rejecting his claim :   on the first hypothesis, as the hypothecary action was not instituted ; and if it had been, on account of the absence of a record of a mortgage in this State.

" On the second hypothesis, the vendee who suffers personal property purchased to remain in the possession of the vendor, and thus enables him to acquire credit, or deceive a subsequent purchaser, cannot resist the claim of his vendor's creditors, nor that of a subsequent bona fide purchaser."

This authority is conclusive against the pretensions of the plaintiff.

It is ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both Courts.